# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| HERBERT LOCKINGS, | : | Bankruptcy No. 05-14567DWS |
| | : | |
| Debtor. | : | |

## MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

On September 26, 2006, I entered an Order denying the Motion of Herbert Lockings ("Debtor") to Reinstate Bankruptcy Case (the "Motion"). Because of the obviousness of the relief I ordered and because counsel was present and had no response or argument to the contrary, my Order merely denied the Motion "for the reasons stated on the record, i.e. "there is no legitimate bankruptcy purpose to be served."

On October 4, 2006, Debtor lodged an appeal of the Order.[1] Local Rule of Bankruptcy Procedure 8001-1 provides that a bankruptcy judge whose order is the subject of an appeal may, within 15 days of the filing of a notice of appeal, file a written opinion in support of the order. This memorandum opinion is filed pursuant to this rule.

---

[1] The appeal is *pro se* as was the Motion notwithstanding Debtor being represented at the hearing by new counsel.

**BACKGROUND**

The relevant facts are apparent from the docket of the above-captioned case and the related case of H. Lockings Corporation ("Corporation"), 04-33353.[2] On October 4, 2004, Corporation, by its counsel Allen Dubroff, Esquire, filed a voluntary petition under Chapter 11. Corporation and John Lockings (the "Owners") were the owners of certain real property located at 4942, 4944 and 4946 Parkside Avenue, Philadelphia, PA (the "Property"). Exhibit G to Motion (sheriff's deed). A mortgage foreclosure action was commenced on May 21, 2003, by Fundex Capital Corporation against Owners and Debtor as guarantor and was pending when the Corporation's bankruptcy was filed. Exhibit A to Motion. On November 29, 2004, Fundex, whose mortgage on the Property secured a note executed by Owners and Debtor, obtained relief from the automatic stay to exercise its state law remedies provided that it would not bring the Property to sale prior to February 1, 2005. Exhibit B to Motion

---

[2] I shall take judicial notice of the docket entries in this case. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991).While a court may not take judicial notice sua sponte of facts contained in the debtor's file that are disputed, In re Augenbaugh, 125 F.2d 887 (3d Cir. 1942), it may take judicial notice of adjudicative facts "not subject to reasonable dispute ... [and] so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." In re Indian Palms Assoc., 61 F.3d 197, 205 (3d Cir. 1995)(citing Fed.R.Evid. 201(f) advisory committee note (1972 proposed rules). Moreover, "factual assertions in pleadings, which have not been superceded by amended pleadings, are judicial admissions against the party that made them. Larson v. Gross Bank. 204 B.R. 500, 502 (W.D.Tex. 1996) (statements in schedules). See also In re Musgrove, 187 B.R. 808 (Bankr.N.D.Ga. 1995)(same); In re Leonard, 151 B.R. 639 (Bankr. N.D.N.Y. 1992)(same).

On April 4, 2005, Debtor, by his counsel Allen Dubroff, Esquire, filed a petition under Chapter 13. On April 8, 2005, Fundex filed a praecipe for a writ of execution against the Owners, Exhibit C to Motion. On May 21, 2005, Fundex was served with notice of Debtor's bankruptcy case. Exhibit D to Motion. On June 7, 2005, the Property was sold at a sheriff's sale to Fundex. Exhibit D to Motion. On November 14, 2005, the sheriff issued a deed poll transferring the interests of the Owners to Bridge Funding properties, a Fundex subsidiary. Exhibit G to Motion.

On November 29, 2005, Corporation's case was dismissed followed shortly thereafter by the dismissal of Debtor's case on December 8, 2005. Debtor's case has been closed since February 28, 2005. He now seeks to reopen it to bring an action for damages, contending that he was not aware that his rights were "repeatedly violated by the steps taken by Fundex Capital Corporation to foreclose on it mortgage and obtain title to the Real Property."[3] Because I conclude on this record that Debtor had no interest in the Property, the steps taken by Fundex after it was granted relief from the automatic stay in Corporation's case to proceed did not violate the automatic stay in Debtor's case so as to subject them to an action for contempt.

---

[3] I note that Debtor was represented by counsel (the same lawyer that represented Corporation) so his belated awakening to these purported violations is somewhat suspect. Delay is another factor mitigating against reopening a case. Matter of Case, 937 F.2d 1014,1018 (5th Cir. 1991).

**DISCUSSION**

Section 362(a), the provision upon which Debtor relies, operates as a stay of "enforcement against the debtor or against property of the estate, of a judgment obtained before the commencement of the case," 11 U.S.C. §362(a)(2), or "any act to obtain possession of property of the estate or property from the estate, 11 U.S.C. 362(a)(3). Debtor contends that Fundex violated the stay in his pending bankruptcy case when on June 7, 2005, it proceeded with the scheduled sale of the Property without relief from stay in his case.[4] A further violation occurred, he argues, when Fundex filed a motion for return of the writ and yet another when the deed poll was issued.

Debtor paints a broad brush in his argument, equating Corporation's interests with that of his own. A review of the pleadings attached to the Motion evidences no actions against the Debtor. The writ was directed to solely to the Owners. Debtor, while a defendant in the underlying mortgage foreclosure action, was not the object to the writ. Likewise the foreclosure sale and the conveyance of the Property were not actions to obtain property of or from the estate. The deed poll evidences a conveyance of the Property from Owners to Fundex. Neither Debtor nor his estate held any legal or equitable interest in the Property. 11 U.S.C. §541.

As I find that there is no colorable claim for violation of the stay, there is no basis to reopen the bankruptcy case to allow the prosecution of the contemplated contempt

---

[4] There is no dispute that Fundex had relief in Corporation's case.

proceeding. In re Carberry, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995) (a bankruptcy "court should not reopen a bankruptcy case where it appears that to do so would be futile and a waste of judicial resources"). Accordingly, the Motion was denied.

*Diane W. Sigmund*

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Dated: October 10, 2006